1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10  CRAIG YATES, an individual,              )   CASE NO. **CV10  4752**
                                             )   **Civil Rights**
11        Plaintiff,                         )
                                             )   **COMPLAINT FOR INJUNCTIVE RELIEF**
12  v.                                       )   **AND DAMAGES:**
                                             )
13  DONALD L. PROPSTRA, TRUSTEE or           )   **1st CAUSE OF ACTION:** For Denial of Access
    SUCCESSOR TRUSTEE, of the DONALD         )   by a Public Accommodation in Violation of the
14  L. PROPSTRA SEPARATE PROPERTY            )   Americans with Disabilities Act of 1990 (42
    1996 REVOCABLE TRUST, dated 1/10/96,     )   U.S.C. §12101, *et seq.*)
15  a.k.a. ELITE SANDWICH COMPANY and        )
    NEW WORLD TOUR & TRAVELS,                )   **2nd CAUSE OF ACTION:** For Denial of Full
16                                           )   and Equal Access in Violation of California
        Defendants.                          )   Civil Code §§54, 54.1 and 54.3.
17  _____    )
                                             )   **3rd CAUSE OF ACTION:** For Denial of
18                                               Access to Full and Equal Accommodations,
                                                 Advantages, Facilities, Privileges and/or
19                                               Services in Violation of California Civil Code
                                                 §51, *et seq.* (The Unruh Civil Rights Act)
20

21

22                                               **DEMAND FOR JURY**

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff CRAIG YATES, an individual, complains of defendants DONALD L.
2  PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L. PROPSTRA
3  SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a. ELITE
4  SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS and alleges as follows:
5  **INTRODUCTION:**

6    1.    This is a civil rights action for discrimination against persons with physical
7  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
8  for failure to remove architectural barriers structural in nature at defendants' ELITE
9  SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS, a place of public
10 accommodation, thereby discriminatorily denying plaintiff and the class of other similarly
11 situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity
12 to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.
13 Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of
14 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California
15 Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
17 June 28, 2010, July 21, 2010, July 30, 2010, August 10, 2010 and August 26, 2010, was an
18 invitee, guest, patron, customer at defendants' ELITE SANDWICH COMPANY and NEW
19 WORLD TOUR & TRAVELS, in the City of San Francisco, California. At said times and
20 places, defendants failed to provide proper legal access to the sandwich shop and travel agency,
21 which is a "public accommodation" and/or a "public facility" including, but not limited to the
22 entrance(s). The denial of access was in violation of both federal and California legal
23 requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal
24 access, and was embarrassed and humiliated.

25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1 | **JURISDICTION AND VENUE:**

2        3.     **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 | §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4 | Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 | nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 | California law, whose goals are closely tied with the ADA, including but not limited to violations
7 | of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 | *seq.*, including §19959; Title 24 California Building Standards Code.

9        4.     **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 | founded on the facts that the real property which is the subject of this action is located at/near
11 | 1535 Franklin Street and 1533 Franklin Street, in the City and County of San Francisco, State of
12 | California, and that plaintiff's causes of action arose in this county.

13 | **PARTIES:**

14        5.     Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15 | disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16 | disabled", "physically handicapped" and "person with physical disabilities" are used
17 | interchangeably, as these words have similar or identical common usage and legal meaning, but
18 | the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 | handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20 | statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 | CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22 | and United States laws. Plaintiff is triplegic. Plaintiff CRAIG YATES requires the use of a
23 | wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24 | portion of the public whose rights are protected by the provisions of Health & Safety Code
25 | §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26 | Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27 | Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28 | §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       6.      Defendants DONALD L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE,

2 of the DONALD L. PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated

3 1/10/96, a.k.a. ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS

4 (hereinafter alternatively collectively referred to as "defendants") are the owners and operators,

5 lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

6 accommodation known as ELITE SANDWICH COMPANY and NEW WORLD TOUR &

7 TRAVELS, located at/near 1535 Franklin Street and 1533 Franklin Street, San Francisco,

8 California, or of the building and/or buildings which constitute said public accommodation.

9       7.      At all times relevant to this complaint, defendants DONALD L. PROPSTRA,

10 TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L. PROPSTRA SEPARATE

11 PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a. ELITE SANDWICH

12 COMPANY and NEW WORLD TOUR & TRAVELS, own and operate in joint venture the

13 subject ELITE SANDWICH and NEW WORLD TOUR & TRAVELS as a public

14 accommodation. This business is open to the general public and conducts business therein. The

15 business is a "public accommodation" or "public facility" subject to the requirements of

16 California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the

17 ADA, 42 U.S.C. §12101, *et seq.*

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    8.    At all times relevant to this complaint, defendants DONALD L. PROPSTRA,

2  TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L. PROPSTRA SEPARATE

3  PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a. ELITE SANDWICH

4  COMPANY and NEW WORLD TOUR & TRAVELS are jointly and severally responsible to

5  identify and remove architectural barriers at the subject ELITE SANDWICH COMPANY and

6  NEW WORLD TOUR & TRAVELS pursuant to Code of Federal Regulations title 28, section

7  36.201(b), which states in pertinent part:

8         **§ 36.201      General**

9             (b) *Landlord and tenant responsibilities.* Both the landlord
             who owns the building that houses a place of public
10            accommodation and the tenant who owns or operates the place of
             public accommodation are public accommodations subject to the
11            requirements of this part. As between the parties, allocation of
             responsibility for complying with the obligations of this part may
12            be determined by lease or other contract.

13            28 CFR §36.201(b)

14  **PRELIMINARY FACTUAL ALLEGATIONS:**

15    9.    The ELITE SANDWICH COMPANY, is a restaurant located at/near 1535

16  Franklin Street, San Francisco, California, and NEW WORLD TOUR & TRAVELS, is a travel

17  agency, located at/near 1533 Franklin Street, San Francisco, California. The ELITE

18  SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS, its entrance(s), and its

19  other facilities are each a "place of public accommodation or facility" subject to the barrier

20  removal requirements of the Americans with Disabilities Act. On information and belief, each

21  such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions,"

22  each of which has subjected the ELITE SANDWICH COMPANY and NEW WORLD TOUR

23  TRAVELS and each of its facilities, its entrance(s) to disability access requirements per the

24  Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

25  California Code of regulations (Title 24).

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10. On or about the year of 1996, defendants' and each of them purchased and/or took possessory control of the premises now known as ELITE SANDWICH COMPANY. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that sandwich shop and travel agency was not accessible to the disabled. Nevertheless, defendants' and each of them, operated ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS as though it was accessible.

11. At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the ELITE SANDWICH COMPANY as being handicapped accessible and handicapped usable.

13. On or about June 28, 2010, July 21, 2010, July 30, 2010, August 10, 2010 and August 26, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject ELITE SANDWICH COMPANY, for purposes of purchasing food and beverage.

14. On or about June 28, 2010, July 21, 2010, July 30, 2010, August 10, 2010 and August 26, 2010, plaintiff CRAIG YATES was unable to enter the ELITE SANDWICH COMPANY.

15. On or about June 28, 2010, after plaintiff CRAIG YATES had visited ELITE SANDWICH COMPANY. He sent a letter to the landlord and tenant complimenting the tenant on the excellent food and raising the issue that he could not gain access to the subject restaurant.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

16. On or about July 21, 2010, plaintiff CRAIG YATES returned to ELITE SANDWICH COMPANY. Plaintiff CRAIG YATES encountered the high threshold. Plaintiff CRAIG YATES spoke with the tenant/operator "Tai," and he informed plaintiff CRAIG YATES that he had just been served with a thirty (30) day notice to quit. The tenant informed plaintiff CRAIG YATES that he (the tenant) inquired from both the property owner and property manager, why he received the notice and was informed that it was because of plaintiff CRAIG YATES's letter of June 28, 2010. Plaintiff CRAIG YATES informed Tai that the fix was as simple as a threshold mat and a piece of metal that would bridge the mat to the floor. Plaintiff CRAIG YATES also explained that raising the sidewalk would provide access to not only ELITE SANDWICH COMPANY, but also NEW WORLD TOUR & TRAVELS COMPANY. The tenant said he would tell the landlord about it.

17. On or about July 22, 2010, plaintiff CRAIG YATES wrote Tai a second (2) letter. In that letter, plaintiff CRAIG YATES informed Tai that he (Yates) thought it was terrible that the landlord was attempting to evict him because he (the tenant) wanted to provide access.

18. On or about July 30, 2010, plaintiff CRAIG YATES returned to ELITE SANDWICH COMPANY. Plaintiff CRAIG YATES encountered the same threshold barrier. No remedial work had been undertaken.

19. On or about August 10, 2010 and August 26, 2010, plaintiff CRAIG YATES returned to ELITE SANDWICH COMPANY. Plaintiff CRAIG YATES encountered the same barrier. Plaintiff CRAIG YATES spoke with the tenant, Tai. Tai said that he received a second (2) "Notice to Quit."

20. At said times stated in the complaint, plaintiff CRAIG YATES also approached NEW WORLD TOUR & TRAVELS, at 1533 Franklin Street, San Francisco, California. Plaintiff CRAIG YATES saw that it would be a futile gesture to attempt to enter the travel agency because of the high threshold.

21. At all times stated herein, plaintiff CRAIG YATES wanted to use a sanitary facility. However, because he could not overcome the threshold, it would be and was a futile gesture to attempt to use a restroom.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

22. Therefore, at said times and places, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS, which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of an accessible entrance(s);

    b.    lack of a handicapped-accessible public restroom at ELITE SANDWICH COMPANY; and

    c.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

23. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

24. On or about June 28, 2010 and July 22, 2010, defendant(s) were sent four (4) letters by or on behalf of plaintiff CRAIG YATES advising of their need to take immediate action to remove architectural barriers and requesting a written response within ten (10) days of his letter. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

25. At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

26.     As a legal result of defendants DONALD L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L. PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a. ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

27.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

28.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

29.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1      30.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
2 by defendants DONALD L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the
3 DONALD L. PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated
4 1/10/96, a.k.a. ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS,
5 because defendants DONALD L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the
6 DONALD L. PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated
7 1/10/96, a.k.a. ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS
8 maintained a restaurant and travel agency without access for persons with physical disabilities to
9 its facilities, including but not limited to the entrance(s) and other public areas as stated herein,
10 and continue to the date of filing this complaint to deny equal access to plaintiff and other persons
11 with physical disabilities in these and other ways.

12      31.    On information and belief, construction alterations carried out by defendants have
13 also triggered access requirements under both California law and the Americans with Disabilities
14 Act of 1990.

15      32.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the ELITE
16 SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS to be made accessible to
17 meet the requirements of both California law and the Americans with Disabilities Act of 1990,
18 whichever is more restrictive, so long as defendants operate the restaurant and travel agency as a
19 public facility.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1      33.     Plaintiff seeks damages for violation of their civil rights on June 28, 2010, July 21,

2 2010, July 30, 2010, August 10, 2010 and August 26, 2010 and seeks statutory damages of not

3 less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code

4 §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that

5 some or all remedial work should have been completed under the standard that the landlord and

6 tenant had an ongoing duty to identify and remove architectural barriers where it was readily

7 achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public

8 accommodation because of his knowledge and/or belief that neither some or all architectural

9 barriers had been removed and that said premises remains inaccessible to persons with disabilities

10 whether a wheelchair user or otherwise.

11      34.     On information and belief, defendants have been negligent in their affirmative duty

12 to identify the architectural barriers complained of herein and negligent in the removal of some or

13 all of said barriers.

14      35.     Because of defendants' violations, plaintiff and other persons with physical

15 disabilities are unable to use public facilities such as those owned and operated by defendants on a

16 "full and equal" basis unless such facility is in compliance with the provisions of the Americans

17 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

18 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling

19 defendants to make the ELITE SANDWICH COMPANY & NEW WORLD TOUR & TRAVELS

20 accessible to persons with disabilities.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

36.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants and travel agencies and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

37.     Plaintiff is informed and believes and therefore alleges that defendants DONALD L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L. PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a. ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS, and each of them, caused the subject building(s) which constitute the ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the ELITE SANDWICH COMPANY & NEW WORLD TOUR & TRAVELS and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and travel agency and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of ELITE SANDWICH & NEW WORLD TOUR & TRAVELS and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

1         38.    On personal knowledge, information and belief, the basis of defendants' actual and
2 constructive notice that the physical configuration of the facilities including, but not limited to,
3 architectural barriers constituting the restaurant and travel agency and/or building(s) was in
4 violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is
5 not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
6 owners of other restaurants, hotels, motels and businesses, notices they obtained from
7 governmental agencies upon modification, improvement, or substantial repair of the subject
8 premises and other properties owned by these defendants, newspaper articles and trade
9 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
10 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
11 other similar information. Defendants' failure, under state and federal law, to make the restaurant
12 & travel agency accessible is further evidence of defendants' conscious disregard for the rights of
13 plaintiff and other similarly situated persons with disabilities. Despite being informed of such
14 effect on plaintiff and other persons with physical disabilities due to the lack of accessible
15 facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
16 rectify the situation and to provide full and equal access for plaintiff and other persons with
17 physical disabilities to the ELITE SANDWICH COMPANY & NEW WORLD TOUR &
18 TRAVELS. Said defendants, and each of them, have continued such practices, in conscious
19 disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of
20 filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the
21 architectural barriers referred to herein by virtue of the demand letter addressed to the defendants
22 and served concurrently with the summons and complaint. Said conduct, with knowledge of the
23 effect it was and is having on plaintiff and other persons with physical disabilities, constitutes
24 despicable conduct in conscious disregard of the rights and safety of plaintiff and of other
25 similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and
26 54.3.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1      39.    Plaintiff CRAIG YATES  and the disability community, consisting of persons with

2  disabilities, would, could and will return to the subject public accommodation when it is made

3  accessible to persons with disabilities.

4  I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
5      DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
6      DONALD L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L.
       PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a.
7      ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS, inclusive)
       (42 U.S.C. §12101, *et seq.*)

8
       40.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
9
   the allegations contained in paragraphs 1 through 39 of this complaint.
10
       41.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.
11
   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully
12
   protect:
13
              some 43 million Americans with one or more physical or mental
14            disabilities; [that] historically society has tended to isolate and
              segregate individuals with disabilities; [that] such forms of
15            discrimination against individuals with disabilities continue to be a
              serious and pervasive social problem; [that] the nation's proper
16            goals regarding individuals with disabilities are to assure equality of
              opportunity, full participation, independent living and economic
17            self-sufficiency for such individuals; [and that] the continuing
              existence of unfair and unnecessary discrimination and prejudice
18            denies people with disabilities the opportunity to compete on an
              equal basis and to pursue those opportunities for which our free
19            society is justifiably famous.

20     42.    Congress stated as its purpose in passing the Americans with Disabilities Act of

21  1990 (42 U.S.C. §12102):

22            It is the purpose of this act (1) to provide a clear and comprehensive
              national mandate for the elimination of discrimination against
23            individuals with disabilities; (2) to provide clear, strong, consistent,
              enforceable standards addressing discrimination against individuals
24            with disabilities; (3) to ensure that the Federal government plays a
              central role in enforcing the standards established in this act on
25            behalf of individuals with disabilities; and (4) to invoke the sweep
              of Congressional authority, including the power to enforce the 14th
26            Amendment and to regulate commerce, in order to address the
              major areas of discrimination faced day to day by people with
27            disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    43.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

4  accommodations identified for purposes of this title was:

5              (7)    PUBLIC ACCOMMODATION - The following private
                entities are considered public accommodations for purposes of this
6              title, if the operations of such entities affect commerce -

7                                          ---

8                      (B) a restaurant, bar or other establishment serving food or drink; and

9                      (F) a laundromat, dry-cleaner, bank, barber shop, beauty
                parlor, travel service, shoe repair service, funeral parlor, gas station,
10             office of an accountant or lawyer, pharmacy, insurance office,
                professional office of a health care provider, hospital or other
11             service establishment.

12             42 U.S.C. §12181(7)(B)(F)

13    44.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

14  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

15  privileges, advantages, or accommodations of any place of public accommodation by any person

16  who owns, leases, or leases to, or operates a place of public accommodation."

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1    45.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2  42 U.S.C. §12182(b)(2)(a) are:

3              (I)    the imposition or application of eligibility criteria
       that screen out or tend to screen out an individual with a disability
4      or any class of individuals with disabilities from fully and equally
       enjoying any goods, services, facilities, privileges, advantages, or
5      accommodations, unless such criteria can be shown to be necessary
       for the provision of the goods, services, facilities, privileges,
6      advantages, or accommodations being offered;

7              (ii)    a failure to make reasonable modifications in
       policies, practices, or procedures, when such modifications are
8      necessary to afford such goods, services, facilities, privileges,
       advantages or accommodations to individuals with disabilities,
9      unless the entity can demonstrate that making such modifications
       would fundamentally alter the nature of such goods, services,
10     facilities, privileges, advantages, or accommodations;

11             (iii)    a failure to take such steps as may be necessary to
       ensure that no individual with a disability is excluded, denied
12     services, segregated or otherwise treated differently than other
       individuals because of the absence of auxiliary aids and services,
13     unless the entity can demonstrate that taking such steps would
       fundamentally alter the nature of the good, service, facility,
14     privilege, advantage, or accommodation being offered or would
       result in an undue burden;

15
               (iv)    a failure to remove architectural barriers, and
16     communication barriers that are structural in nature, in existing
       facilities . . . where such removal is readily achievable; and

17
               (v)    where an entity can demonstrate that the removal of
18     a barrier under clause (iv) is not readily achievable, a failure to
       make such goods, services, facilities, privileges, advantages or
19     accommodations available through alternative methods if such
       methods are readily achievable.

20

21  The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

22  Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

23  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

24  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1        46.    The removal of the barriers complained of by plaintiff as hereinabove alleged were
2   at all times after January 26, 1992 "readily achievable" as to the subject building(s) of
3   ELITE SANDWICH COMPANY & NEW WORLD TOUR & TRAVELS pursuant to 42 U.S.C.
4   §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained
5   of herein together was not "readily achievable," the removal of each individual barrier complained
6   of herein was "readily achievable."  On information and belief, defendants' failure to remove said
7   barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined
8   by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

9        47.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10  accomplishable and able to be carried out without much difficulty or expense."  The statute
11  defines relative "expense" in part in relation to the total financial resources of the entities
12  involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that
13  plaintiff complains of herein were and are "readily achievable" by the defendants under the
14  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was
15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16  make the required services available through alternative methods which were readily achievable.

17       48.    On information and belief, construction work on, and modifications of, the subject
18  building(s) of ELITE SANDWICH COMPANY & NEW WORLD TOUR & TRAVEL occurred
19  after the compliance date for the Americans with Disabilities Act, January 26, 1992,
20  independently triggering access requirements under Title III of the ADA.

21       49.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
22  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
24  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
25  to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or
26  making use of the public facilities complained of herein so long as the premises and defendants'
27  policies bar full and equal use by persons with physical disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1         50.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2  disability to engage in a futile gesture if such person has actual notice that a person or

3  organization covered by this title does not intend to comply with its provisions." Pursuant to this

4  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

5  August 26, 2010, but on information and belief, alleges that defendants have continued to violate

6  the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

7  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9  facilities readily accessible to and usable by individuals with disabilities to the extent required by

10  this title."

11        51.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

12  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13  the Americans with Disabilities Act of 1990, including but not limited to an order granting

14  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

15  deemed to be the prevailing party.

16 **II.**    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
           **IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
17          (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
           DONALD L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L.
18          PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a.
           ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS, inclusive)
19          (California Civil Code §§54, 54.1, 54.3, *et seq.)*

20         52.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

21  allegations contained in paragraphs 1 through 51 of this complaint.

22         53.    At all times relevant to this action, California Civil Code §54 has provided that

23  persons with physical disabilities are not to be discriminated against because of physical handicap

24  or disability. This section provides that:

25                     (a) Individuals with disabilities . . . have the same rights as
                the general public to full and free use of the streets, highways,
26                  sidewalks, walkways, public buildings, medical facilities, including
                hospitals, clinics, and physicians' offices, and other public places.
27  ///

28  ///

1    54.    California Civil Code §54.1 provides that persons with disabilities shall not be

2  denied full and equal access to places of public accommodation or facilities:

3              (a)(1) Individuals with disabilities shall be entitled to full
             and equal access, as other members of the general public, to
4            accommodations, advantages, facilities, medical facilities, including
             hospitals, clinics, and physicians' offices, and privileges of all
5            common carriers, airplanes, motor vehicles, railroad trains,
             motorbuses, streetcars, boats, or any other public conveyances or
6            modes of transportation (whether private, public, franchised,
             licensed, contracted, or otherwise provided), telephone facilities,
7            adoption agencies, private schools, hotels, lodging places, places of
             public accommodation, amusement or resort, and other places to
8            which the general public is invited, subject only to the conditions
             and limitations established by law, or state or federal regulation, and
9            applicable alike to all persons.

10           Civil Code §54.1(a)(1)

11    55.    California Civil Code §54.1 further provides that a violation of the Americans with

12  Disabilities Act of 1990 constitutes a violation of section 54.1:

13              (d) A violation of the right of an individual under the
             Americans with Disabilities Act of 1990 (Public Law 101-336) also
14           constitutes a violation of this section, and nothing in this section
             shall be construed to limit the access of any person in violation of
15           that act.

16           Civil Code §54.1(d)

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    56.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2  whose rights have been infringed upon and violated by the defendants, and each of them, as

3  prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5  Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6  defendants' ELITE SANDWICH COMPANY & NEW WORLD TOUR & TRAVELS. As a

7  legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in

8  accordance with California Civil Code §54.3(a) for each day on which he visited or have been

9  deterred from visiting the restaurant and travel agency because of his knowledge and belief that

10  the restaurant and travel agency is inaccessible to persons with disabilities. California Civil Code

11  §54.3(a) provides:

12              Any person or persons, firm or corporation, who denies or interferes
               with admittance to or enjoyment of the public facilities as specified
13              in Sections 54 and 54.1 or otherwise interferes with the rights of an
               individual with a disability under Sections 54, 54.1 and 54.2 is
14              liable for each offense for the actual damages and any amount as
               may be determined by a jury, or the court sitting without a jury, up
15              to a maximum of three times the amount of actual damages but in
               no case less than . . .one thousand dollars ($1,000) and . . .
16              attorney's fees as may be determined by the court in addition
               thereto, suffered by any person denied any of the rights provided in
17              Sections 54, 54.1 and 54.2.

18              Civil Code §54.3(a)

19    57.    On or about June 28, 2010, July 21, 2010, July 30, 2010, August 10, 2010 and

20  August 26, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that

21  plaintiff CRAIG YATES was denied access to the entrance(s) and other public facilities as stated

22  herein at the ELITE SANDWICH COMPANY & NEW WORLD TOUR & TRAVELS and on the

23  basis that plaintiff CRAIG YATES was a person with physical disabilities.

24    58.    As a result of the denial of equal access to defendants' facilities due to the acts and

25  omissions of defendants, and each of them, in owning, operating and maintaining these subject

26  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

27  rights under Civil Code §§54, 54.1 and 54.3.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

59. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

60. Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about June 28, 2010, July 21, 2010, July 30, 2010, August 10, 2010 and August 26, 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

61. As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1 **III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR**
2 **SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DONALD L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L.
4 PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a. ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS, inclusive)
5 (Civil Code §51, 51.5)

6     62.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

7 the allegations contained in paragraphs 1 through 61 of this complaint.

8     63.     Defendants' actions and omissions and failure to act as a reasonable and prudent

9 public accommodation in identifying, removing and/or creating architectural barriers, policies,

10 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

11 Unruh Act provides:

12         This section shall be known, and may be cited, as the Unruh Civil Rights Act.

13

14         All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal
15 accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

16

17         This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion,
18 ancestry, national origin, or **disability.**

19         Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or
20 modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other
21 provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything
22 in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction,
23 alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

24

25         A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5  defendants, and each of them.

6      64.    The acts and omissions of defendants stated herein are discriminatory in nature and

7  in violation of Civil Code §51.5:

8              No business establishment of any kind whatsoever shall
               discriminate against, boycott or blacklist, refuse to buy from, sell to,
9              or trade with any person in this state because of the race, creed,
               religion, color, national origin, sex, or **disability** of the person or of
10             the person's partners, members, stockholders, directors, officers,
               managers, superintendents, agents, employees, business associates,
11             suppliers, or customers.

12             As used in this section, "person" includes any person, firm
               association, organization, partnership, business trust, corporation,
13             limited liability company, or company.

14             Nothing in this section shall be construed to require any
               construction, alteration, repair, structural or otherwise, or
15             modification of any sort whatsoever, beyond that construction,
               alteration, repair or modification that is otherwise required by other
16             provisions of law, to any new or existing establishment, facility,
               building, improvement, or any other structure . . . nor shall anything
17             in this section be construed to augment, restrict or alter in any way
               the authority of the State Architect to require construction,
18             alteration, repair, or modifications that the State Architect otherwise
               possesses pursuant to other laws.
19

20     65.    Defendants' acts and omissions as specified have denied to the plaintiff full and

21  equal accommodations, advantages, facilities, privileges and services in a business establishment,

22  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25  Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

26  the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27  §40, *et seq.*, as if repled herein.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1    66.    As a result of the denial of equal access to defendants' facilities due to the acts and
2  omissions of defendants, and each of them, in owning, operating and maintaining these subject
3  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4  rights under Civil Code §§54, 54.1 and 54.3.

5    67.    Further, plaintiff CRAIG YATES suffered mental distress, mental
6  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
7  disappointment and worry, all of which are expectedly and naturally associated with a denial of
8  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
9  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
10  basis that plaintiff is a person or an entity that represents persons with physical disabilities and
11  unable, because of the architectural barriers created and maintained by the defendants in violation
12  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
13  other persons.

14    68.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
15  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
16  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
17  allowed by statute, according to proof if deemed to be the prevailing party.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1 **PRAYER:**

2     Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**   **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
4 DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DONALD
5 L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L.
PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a.
6 ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS, inclusive)
(42 U.S.C. §12101, *et seq.*)
7

8     1.     For injunctive relief, compelling defendants DONALD L. PROPSTRA, TRUSTEE

9 or SUCCESSOR TRUSTEE, of the DONALD L. PROPSTRA SEPARATE PROPERTY 1996

10 REVOCABLE TRUST, dated 1/10/96, a.k.a. ELITE SANDWICH COMPANY and NEW

11 WORLD TOUR & TRAVELS, inclusive, to make the ELITE SANDWICH COMPANY & NEW

12 WORLD TOUR & TRAVELS, located at 1535 Franklin Street and 1533 Franklin Street, San

13 Francisco, California, readily accessible to and usable by individuals with disabilities, per 42

14 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility

15 criteria and procedures so as to afford full access to the goods, services, facilities, privileges,

16 advantages and accommodations being offered.

17     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

18 prevailing party; and

19     3.     For such other and further relief as the court may deem proper.

20

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1   II.   **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
          EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
2         AND 54.3, *ET SEO.***
          (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DONALD
3         L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the DONALD L.
          PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated 1/10/96, a.k.a.
4         ELITE SANDWICH COMPANY and NEW WORLD TOUR & TRAVELS, inclusive)
          (California Civil Code §§54, 54.1, 54.3, *et seq.*)

5
        1.      For injunctive relief, compelling defendants DONALD L. PROPSTRA, TRUSTEE
6
   or SUCCESSOR TRUSTEE, of the DONALD L. PROPSTRA SEPARATE PROPERTY 1996
7
   REVOCABLE TRUST, dated 1/10/96, a.k.a. ELITE SANDWICH COMPANY and NEW
8
   WORLD TOUR & TRAVELS, inclusive, to make the ELITE SANDWICH COMPANY & NEW
9
   WORLD TOUR & TRAVELS, located at 1535 Franklin Street and 1533 Franklin Street, San
10
   Francisco, California, readily accessible to and usable by individuals with disabilities, per state
11
   law.
12
        2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for
13
   each occasion on which plaintiff was deterred from returning to the subject public
14
   accommodation.
15
        3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,
16
   if plaintiffs are deemed the prevailing party;
17
        4.      Treble damages pursuant to Civil Code §54.3;
18
        5.      General damages according to proof;
19
        6.      For all costs of suit;
20
        7.      Prejudgment interest pursuant to Civil Code §3291; and
21
        8.      Such other and further relief as the court may deem just and proper.
22
   ///
23
   ///
24
   ///
25
   ///
26
   ///
27
   ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

1

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
2  **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
   **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE**
3  **§51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
   (On Behalf of Plaintiff CRAIG YATES, an individual and Against
4  Defendants DONALD L. PROPSTRA, TRUSTEE or SUCCESSOR TRUSTEE, of the
   DONALD L. PROPSTRA SEPARATE PROPERTY 1996 REVOCABLE TRUST, dated
5  1/10/96, a.k.a. ELITE SANDWICH COMPANY and NEW WORLD TOUR &
   TRAVELS, inclusive)
6  (California Civil Code §§51, 51.5, *et seq.*)

7          1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and

8  for each occasion on which plaintiff was deterred from returning to the subject public

9  accommodation;

10         2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

11 party;

12         3.      General damages according to proof;

13         4.      Treble damages pursuant to Civil Code §52(a);

14         5.      For all costs of suit;

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

Dated: _____9/8/10_____, 2010    THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By: _____

THOMAS E. FRANKOVICH
Attorneys for Plaintiff CRAIG YATES, an individual

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: _____9/8/10_____, 2010    THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By: _____

THOMAS E. FRANKOVICH
Attorneys for Plaintiff CRAIG YATES, an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**June 28, 2010**

**Craig Thomas Yates**
**1004 Los Gamos rd Suite E**
**San Rafael, Ca. 94903-2565**

**Property Owner**
**Manager / Business Owner**
**Elite Sandwich Company**
**1535 Franklin St**
**San Francisco, Ca. 94109**

**Re: Threshold front entry;**

**Dear Elite Manager and Property Owner,**

**Genuine delight your Chicken Curry Salad, light tasty cake desert. Love to dine inside, unfortunately the threshold entrance of your restaurant created a barrier. So being I'm in a wheelchair this difference in elevations disallows my entry.**

**I do wish this concern be addressed and rectified with appropriate results according to ADA. Here are two agencies that can send you information so you can achieve correcting all these issues in need of correction. Pacific ADA and IT Center in Oakland 1-800-949-4232 or**

**DOJ Department of Justice 1-800-514-0301 either of these two agencies can send you copies of ADA and ADAAG codes. When you receive the information you may survey your entire restaurant to reinsure all concerns are addressed.**

So thank you again appreciates your indicating how you will proceed in appropriate corrections. Please forward this notice letter of concern to Property owner, this dose concern primarily property owner as well. Look forward to your reply with in 10 days receipt of my letter to you and property owner.

Thank you again, so enjoyed your curry chicken salad; look forward taste your special 'Spicy Pork' hope this includes mash potatoes.

Sincerely,

Craig Thomas Yates

July 22, 2010

Craig Thomas Yates
1004 Los Gamos Rd Suite E
San Rafael, Ca 94903-2565


Tai
Elite Sandwich Company
1535 Franklin St
San Francisco, Ca 94109


Dear Tai,

I made an error regarding the date on the letter I sent you. The date was June 28th; it should have been July 22nd.

It was nice to talk to you on Wednesday July 21st. I'm having a friend type for me because as you know my typing isn't that good.

Anyway, I was really surprised that when you gave your landlord my letter and told the landlord you thought it was a good idea to provide access that he gave a 30 day notice to quit. You've had a lease for the last 18 years and the landlord has done nothing. Now the landlord wants to throw you out because you want to fix up the entrance. That's just wrong. I think it's also against the law. Have your attorney call me @ 415-472-4846 to discuss this terrible act of your landlord.

Sincerely,

Craig Thomas Yates

June 28, 2010

Craig Thomas Yates
1004 Los Gamos Rd Suite E
San Rafael, Ca 94903-2565

Tai
Elite Sandwich Company
1535 Franklin St
San Francisco, Ca 94109

Dear Tai,

It was nice to talk to you on Wednesday July 21st. I'm having a friend type for me because as you know my typing isn't that good.

Anyway, I was really surprised that when you gave your landlord my letter and told the landlord you thought it was a good idea to provide access that he gave a 30 day notice to quit. You've had a lease for the last 18 years and the landlord has done nothing. Now the landlord wants to throw you out because you want to fix up the entrance. That's just wrong. I think it's also against the law. Have your attorney call me @ 415-472-4846 to discuss this terrible act of your landlord.

Sincerely,

Craig Thomas Yates